UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                                    CRIMINAL ACTION NO.: 3:08cr76-DPJ-JCS

RYAN QUINCY PUGH

**ORDER**

This matter is before the Court on Defendant Ryan Quincy Pugh's Motion to Vacate his sentence and conviction pursuant to 28 U.S.C. § 2255 [26], the Government's Motion to Dismiss [38], and Defendant's Motion for Evidentiary Hearing [45]. Having fully considered the premises, the Court finds as follows.

On May 21, 2008, Defendant was charged in a multi-count indictment with armed carjacking, use and carry of a firearm in furtherance of a crime of violence, and being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 2119, 924(c) and 922(g)(1). Defendant, represented by Attorney George Lucas, thereafter entered a not guilty plea as to all charges.

On July 25, 2008, Defendant announced in open court that he wished to change his plea, and a hearing was set for July 31, 2008. On that date, Defendant changed his mind and elected to persist in his not guilty plea. Accordingly, the Court called a venire from the Southern District of Mississippi on August 13, 2008, but Defendant changed his mind again and elected to accept a plea agreement admitting his guilt as to Count 1 (armed carjacking) and Count 2 (use of a firearm in relation to a crime of violence). Defendant entered his plea in open court and signed the Plea Agreement. Ex. 1 to Gov.'s Motion [38] (hereinafter "Plea Agreement"). Following the plea, Defendant hired Attorney Aafram Y. Sellers to represent him. Two weeks

later, Attorney Sellers moved to withdraw citing a conflict of interest, and Attorney Davey L. Tucker made an appearance on Defendant's behalf on October 7, 2008. Defendant was sentenced November 3 and received the mandatory minimum sentence of 84 months for Count 2 to run consecutive to his sentence for Count 1. After sentencing, Defendant terminated Mr. Tucker's representation and now represents himself.

With the benefit of a liberal construction, Defendant's § 2255 motion asserts the following: (1) Defendant was unaware that he faced a mandatory minimum term of imprisonment; (2) Defendant was never informed that he was waiving his rights to appeal; (3) his attorney failed to appeal; and (4) his attorney failed to make certain objections at sentencing. Defendant also appears to claim that he is innocent of Count 2 as he did not use a firearm in relation to the carjacking.

Pursuant to § 2255(a), a prisoner in custody may move under limited circumstances to "vacate, set aside or correct the sentence." Section 2255(b) provides that an evidentiary hearing should be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

Significantly, "a defendant can waive his right to file a section 2255 motion." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). An exception exists to this waiver rule with respect to claims of ineffective assistance of counsel. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). However, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *Id*. (holding that defendant waived his right to file § 2255 motion with respect to counsel's failure to properly object to sentencing). Finally, the waiver will not preclude a § 2255

motion based on an attorney's failure to file a timely appeal as directed by the defendant. *United States v. Taylor*, 270 App'x 363, 366 (5th Cir. 2008).

In the present case, the Court finds that Defendant has either waived his right to assert a § 2255 motion or that such a motion is meritless as to all but the alleged failure to appeal. First, Defendant cannot claim that his attorney failed to inform him that he faced a mandatory minimum sentence. Even if this argument is sufficient to avoid waiver, *White*, 307 F.3d at 343, it is futile. For starters, Defendant's subsequently filed Motion for Evidentiary Hearing states, "I asked [my attorney] to break that down for me and he informed me that I would receive no lessor [sic] than 7 yrs. for the weapon *and* whatever else left for the carjacking." D.'s Motion [45] at 2 (emphasis added). Thus, he clearly understood the sentence before his plea hearing. In addition, the signed Plea Agreement and the plea colloquy with the Court demonstrate that Defendant was aware of the mandatory minimum sentence. The Plea Agreement expressly stated: "Defendant understands that . . . the penalty for the offense charging a violation of Title, 18, United States Code, Section 924(c), is not less than 7 years, not more than life." Plea Agreement [45] ¶4. Defendant then confirmed his understanding by responding positively when asked, "Do you understand that Count 2 carries a term of incarceration of not less than seven years?" Ex. B to Gov.'s Mot. to Dismiss (hereinafter "Hr. Tr.") at 12. The Court finds no need for an evidentiary hearing and no grounds for relief as to any claim that Defendant was ignorant of the sentence he faced.

Second, the Court rejects Defendant's claim that he "was not advised that [he] would be waiving all [his] rights to appeal (2255) by signing the paperwork that lead to [his] sentence."

3

[45] at 3. Again, even if this argument survived waiver, it would be meritless because Defendant knowingly and voluntarily waived his right to appeal. The Plea Agreement states:

> Defendant, knowing and understanding all of the matters aforesaid, . . . hereby expressly waives . . . the following:
>
> > a. the right to appeal the conviction and sentence imposed in ths case, or the manner in which that sentence was imposed, on the grounds set fourth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> >
> > b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255."

Plea Agreement [14] ¶16. Moreover, the signature page of the Plea Agreement Defendant signed states in large bold letters that Defendant read the agreement, had it explained to him by his attorney, and that he understood its terms which he voluntarily accepted. Plea Agreement [14] at 9. The Court confirmed this in the following colloquy:

> THE COURT: Did you have an opportunity to read and discuss the plea agreement with your lawyer before you signed it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you had an opportunity to ask your attorney any questions that you had about the plea agreement before you signed it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Was he able to answer your questions to your satisfaction?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you telling me that you have fully read and fully understand the terms of that agreement?
>
> THE DEFENDANT: Yes, sir.

Hr. Tr. at 6-7. Defendant's attorney then confirmed that he "had an opportunity to go through the plea agreement with [his] client" and that Defendant understood its terms. *Id.* at 7. Thereafter, the Government recounted the relevant terms of the agreement in open court, including the following:

> And this defendant also agrees to waive the following rights: The right to appeal the conviction and sentence imposed in this case or the manner in which the sentence is imposed on any ground whatsoever; [t]he right to contest the conviction and sentence or the manner in which that sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28 of the United States Code, Section 2255.

*Id.* at 8. Defendant confirmed under oath that he had agreed to the provisions the Government highlighted. *Id.* at 9. The Court finally asked Defendant the following:

> THE COURT: All right. Of course, you told me that you've read and fully understand the entire agreement, not just those highlights.
>
> [DEFENDANT]:[1] Yes, sir.
>
> THE COURT: All right. And in particular, on page 7, paragraph 16, there are a number of waivers, including the right to . . . appeal the conviction and sentence. Have you gone through those waivers with your attorney and you understand what you are waiving or giving up there?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Are you telling me that you're knowingly and voluntarily agreeing to those waivers, to all the terms of this plea agreement?
>
> THE DEFENDANT: Yes, sir.

*Id.* at 10. In sum, there is no need to hold an evidentiary hearing on whether Defendant knew he was waiving his rights to file a § 2255 motion or otherwise appeal. The waivers were read in

---

[1] The transcript reflects that counsel responded, but the Court believes this to be a reporting error as the question is part of its standard colloquy and is always directed to the defendant. The remaining responses further demonstrate that Defendant responded.

5

open court in the presence of the undersigned and Defendant; Defendant confirmed under oath that he had agreed to those terms; Defendant then stated under oath that he read the entire plea agreement and discussed it with counsel; Defendant specifically stated that he had discussed the waivers with his attorney, knew he was waiving all rights to appeal, and that he was doing so voluntarily. His attorney confirmed the same. There is simply nothing left to resolve in an evidentiary hearing on this issue and no grounds for relief under § 2255.

Third, Defendant clearly and unambiguously waived the right to file a § 2255 motion based on his claim of innocence as to Count 2 and the alleged failures of his attorney with respect to sentencing guideline issues. *White*, 307 F.3d at 343. As stated, the Plea Agreement included an express waiver of the right to appeal or file a §2255 motion as to the sentence or conviction.[2]

Finally, Defendant states that his attorney "failed to file a Notice of Appeal that is required to be filed '10 days' after conviction. Therefore I want to reconfirm that my Counsel has been ineffective." D.'s Mot. for Hearing [45] at 3. According to the Fifth Circuit Court of Appeals, it is error to deny a § 2255 motion without an evidentiary hearing or findings of fact when a defendant claims his counsel failed to file an appeal as instructed. *Taylor*, 270 F. App'x at 366. "This rule applies even where a defendant . . . 'has waived his right to direct appeal and collateral review.'" *Id.* (citing *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007)). "If the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to an out-of-time appeal, regardless

---

[2]Even if not waived, it is impossible to reconcile Defendant's argument that he did not use a firearm while committing the carjacking with his under oath confirmation that he "pointed a gun to [the victim's] head and carjacked him." Hr. Tr. at 20.

6

of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Id*.

In the present case, the record is not clear as to whether counsel was instructed to appeal, and the Court could not fairly make factual findings on this issue without hearing from Defendant and his attorney. An evidentiary hearing is therefore necessary on this single issue. The Court instructs the United States Attorney to set the matter for a hearing to be conducted no later than December 31, 2009.

IT IS, THEREFORE, ORDERED, that Defendant's motion to vacate [26] is denied in part and taken under advisement in part; the Government's Motion to Dismiss [38] is granted in part and denied in part; and Defendant's motion for evidentiary hearing [45] is granted solely with respect to the appeal issue and is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 2th day of December, 2009.

        s/ *Daniel P. Jordan III*
        UNITED STATES DISTRICT JUDGE